# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-40856
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CEDRIC ROMONE GARDNER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-201
USDC No. 5:04-CR-3
USDC No. 5:03-CR-27

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cedric Romone Gardner, federal prisoner # 31182-177, moves for a certificate of appealability (COA) to appeal from the district court's denial of his motion for relief pursuant to 28 U.S.C. § 2255. Garner also moves for leave to appeal in forma pauperis (IFP); his IFP motion is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gardner challenges his convictions of conspiracy to distribute cocaine and conspiracy to launder money. He contends that counsel was ineffective for failing to file a notice of appeal or a motion for withdrawal pursuant to Anders v. California, 386 U.S. 738 (1967). A COA may be issued only if Gardner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Gardner has made a substantial showing of the denial of a constitutional right regarding the contention that counsel was ineffective for failing to file a notice of appeal. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). Gardner alleges that he asked counsel to file a notice of appeal and that counsel did not file one. The record does not conclusively indicate that Gardner did not ask counsel to file a notice of appeal, making an evidentiary hearing on that issue necessary. See id. COA is GRANTED solely on the issue whether counsel was ineffective for failing to file a notice of appeal. The district court's judgment is VACATED and the case is REMANDED for further development.

Gardner contends that counsel was ineffective for failing to object to the standard of proof employed to make sentencing findings and failing to object to the alleged constructive amendment of his indictment. Gardner has failed to make the showing necessary to obtain a COA on that issue, and COA is DENIED. Gardner contends that counsel was ineffective for failing to object to the use of three prior convictions he argues should not have been used to enhance his sentence. We lack jurisdiction to address this contention, which Gardner raises for the first time on appeal, see Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), and, as to that issue, COA is DENIED.

IFP GRANTED; COA GRANTED in part; COA DENIED in part; VACATED AND REMANDED.